IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JIMMY MALDONADO and<br>MAYRA MALDONADO,<br><br>　　　　　Defendants. | CASE NO. 1:14-CR-00109-LJO<br><br>ORDER RE PROPOSED (DISPUTED) JURY INSTRUCTIONS<br><br>(ECF Nos. 40, 45) |

The Court has received and reviewed the Government's proposed (disputed) jury instruction, ECF No. 40, and Defendants' objection thereto, ECF No. 47, as well as Defendants' proposed (disputed) jury instructions, ECF. No. 45, and the Government's objections thereto, ECF No. 46. For the reasons set forth below, the Government's request to include the proposed jury instruction regarding co-schemer liability is GRANTED. Defendants' request to include the three proposed jury instructions is GRANTED IN PART AND DENIED IN PART.

**I.    GOVERNMENT'S PROPOSED JURY INSTRUCTION**

The Government proposes that the Court include an instruction regarding co-schemer liability. The proposed instruction reads in full:

> Each member of a scheme to defraud is responsible for the actions of other co-schemers performed during the course of and in furtherance of the scheme.
> Before you may consider the statements or the acts of a co-schemer, you must first determine whether the acts or statements were made during the exercise of and in furtherance of the unlawful scheme.
> If you have decided that the defendant was a member of a scheme to defraud and had the intent to defraud, that defendant is responsible for what the other co-schemers said or did to carry out the scheme even if the defendant did not know what they said or did.
> For the defendant to be found guilty of an offense allegedly committed by a co-schemer as part of the scheme, the offense must be one which would reasonably have been foreseen to be a necessary and natural consequence of the scheme to defraud.

Gov't's Proposed (Disputed) Instruction No. 1, ECF No. 40.

1

Defendants do not object to the inclusion of this instruction per se, but argue that it may not be relevant and argue that the "life of the scheme" should only include those acts and dates alleged in the Indictment. ECF No. 47 at 2-3.

In *United States v. Stapleton*, the court upheld a nearly identical co-schemer liability instruction in a case involving multiple defendants accused of wire fraud. 293 F.3d 1111, 1115-18 (9th Cir. 2000); *see also United States v. Anekwu*, 695 F.3d 967, 986-87 & n.4 (9th Cir. 2012) (approving a similar instruction as an accurate statement of the law). Under federal fraud statutes, a defendant is liable for acts committed by a co-schemer in furtherance of the scheme to defraud while the defendant is a knowing participant in the fraud. 293 F.3d at 1118 ("[t]he instructions limited vicarious liability to acts of co-schemers during the life of the scheme and acts that were reasonably foreseeable as a necessary and natural consequence of the fraudulent scheme.").

Although the instruction may not be necessary depending on Defendants' theory of the case, the Court agrees with the Government that a co-schemer liability instruction may be appropriate if one or both defendants disclaim responsibility for preparing or submitting the claims and the United States presents evidence that the claims were submitted in furtherance of a scheme during the time that both defendants were participating in the scheme. *See Stapleton*, 293 F.3d at 1117-18. As to Defendants' concern about the time frame, the instruction sufficiently limits the time frame to the "life of the scheme" as written. *See id.* Therefore, the Court GRANTS the Government's request to include the proposed instruction regarding co-schemer liability, subject to a later determination of whether it is relevant in light of the testimony elicited at trial.

## II. DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### A. Proposed Instruction No. 1: Character Evidence – Reputation of the Defendant

Defendants' first proposed jury instruction regarding character evidence reads in full:

> The Defendant has offered evidence of his/her good general reputation. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

> Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character would commit such crimes.

Defs.' Proposed (Disputed) Instruction No. 1, ECF No. 45 at 2 (citing Federal Jury Practice and Instructions § 15.15 (4th ed.)).

The Government does not object to this instruction. ECF No. 46 at 2. Instructing the jury to consider evidence of a defendant's good character or reputation, along with all of the other evidence, is not contrary to law. *See, e.g.*, *United States v. Quick*, 128 F.2d 832, 835 (3d Cir. 1942) (holding that it was appropriate to instruct jurors that they should "consider the character evidence along with all of the other evidence in the case and that, when all of the evidence has been considered, if a reasonable doubt as to the defendant's guilt then existed, it was their duty to acquit."). The Court therefore GRANTS Defendants' request to include the proposed instruction regarding character evidence.

### B.    Proposed Instruction No. 2: Good Faith Defense

Defendant's second proposed instruction, entitled "Good Faith Defense" requests language on willfulness and good faith belief. The Government objects to the inclusion of this instruction on the grounds that it incorrectly states the intent element for wire fraud. ECF No. 46 at 2-3.

The intent required for each wire fraud court is the intent to defraud. *United States v. Dees*, 34 F.3d 838, 842 & n.1 (9th Cir. 1994). Proposed Instruction No. 2 refers several times to the potential for a good faith belief to negate "willfulness." Willfulness is not the correct mental state for wire fraud. Indeed, the cases Defendants cite in support of the proposed instruction involve tax offenses and or offenses involving a complex regulatory scheme, which require the Government to prove that a defendant knew his or her conduct was unlawful. *See Cheek v. United States*, 498 U.S. 192, 199-201 (1991); *United States v. Henderson*, 243 F.3d 1168, 1172 (9th Cir. 2001). By contrast, consciousness of wrongdoing is not an element of wire fraud. *United States v. Crandall*, 525 F.3d 907, 911-12 (9th Cir.

3

2008) (proposed jury instruction for wire fraud charge that included element of consciousness of wrongdoing was not supported by the law).

Moreover, the joint proposed jury instructions already include Ninth Circuit Model Jury Instructions 3.16 (Intent to Defraud - Defined), 5.6 (Knowingly), and 8.124 (Wire Fraud). These three instructions provide a correct statement of law as to the mental state required for wire fraud under 18 U.S.C. § 1343, and are sufficient to advise the jury of the applicable law. *Crandall*, 525 F.3d at 912 & n.4. Therefore, the proposed instruction regarding the good faith defense and willfulness is inappropriate in this case. Defendants' request to include the proposed instruction regarding a good faith defense is DENIED.

///

///

///

///

///

### C.  Proposed Instruction No. 3: Theory of the Defense

Defendants' third proposed jury instruction provides a "Theory of the Defense" instruction. The instruction leaves the theory blank, and does not specify how such an instruction would be worded. Therefore, it is premature for the Court to rule on whether such an instruction would be appropriate. Defendants' request to provide a "Theory of the Defense" instruction is DENIED WITHOUT PREJUDICE. This may be more appropriate for counsel to address in Opening Statement and/or Closing Argument. If desired, Defendants may renew their request for such an instruction, if it is appropriate, at a later time.

Accordingly,

1. The Government's request to include Proposed Jury Instruction No. 1 is conditionally GRANTED;

2. Defendants' request to include Proposed Jury Instruction No. 1 is GRANTED;

3. Defendants request to include Proposed Jury Instruction No. 2 is DENIED;

4. Defendants request to include Proposed Jury Instruction No. 3 is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **July 21, 2017**                     **/s/ Lawrence J. O'Neill**
                                            UNITED STATES CHIEF DISTRICT JUDGE