# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  Plaintiff, <br><br> v. <br><br> JIMMY MALDONADO and <br> MAYRA MALDONADO, <br><br>  Defendants. | CASE NO. 1:14-CR-00109-LJO <br><br> ORDER RE PROPOSED (DISPUTED) JURY INSTRUCTIONS <br><br> (ECF Nos. 62, 63) |

The Court has received and reviewed the Defendants' amended proposed jury instructions, ECF. No. 62, and the Government's objections thereto, ECF No. 63. The Court previously considered the parties' requests for additional jury instructions in this case, conditionally granting the Government's request for an instruction on co-schemer liability, and granting Defendants' request for an instruction on reputation evidence. ECF No. 50. Those instructions have been incorporated into the proposed jury instructions. The Court previously denied a proposed good faith instruction because it misstated the law and was unnecessary, and denied a proposed theory of defense instruction because it was incomplete. ECF No. 50. Defendants have proposed modified good faith and theory of defense instructions in an attempt to cure the deficiencies in the original proposed instructions. ECF No. 62.

1

The Government objects to both instructions. ECF No. 63. For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Defendants' request to include each of the amended proposed instructions.

## I. PROPOSED INSTRUCTION NO. 1: GOOD FAITH DEFENSE

Defendant's first proposed instruction, titled "Good Faith Defense," is drawn primarily from *United States v. Amlani*, 111 F.3d 705, 717-18 (9th Cir. 1997). The proposed instruction reads:

> The good faith of a Defendant is complete defense to all of the charges of wire fraud . . . because good faith on the part of the defendant is, simply, inconsistent with the intent to defraud or the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises . . . .
>
> A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgement or an error in management does not rise to the level of intent to defraud . . . .
>
> While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage or another . . . .
>
> If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted with an intent to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises or in good faith, the jury must acquit that defendant.

The Government objects to this proposed instruction on the grounds that it is unnecessary and would not be helpful to the jury. The Court agrees. In cases decided after *Amlani*, the Ninth Circuit held that Model Instruction 3.16 (Intent to Defraud - Defined) sufficiently states the intent requirement in federal fraud cases such that no additional instructions on good faith are required. *United States v. Shipsey*, 363 F.3d 962, 967-68 (9th Cir. 2004); *United States v. Hickey*, 580 F.3d 922, 931 (9th Cir. 2009). Model Instruction 3.16 is already included in the proposed instructions. Moreover, Defendants' proposed instruction on good faith is unnecessarily lengthy and appears to have been crafted to fit a specific set of facts that are not necessarily relevant in this case.[1]

---

[1] For example, the "error in management" phrase in the instruction makes sense in the context of the facts in *Amlani*, where the defendant, the owner of a telemarketing company, was convicted of wire fraud for conducting a fraudulent telemarketing

2

Defendants argue that the Court issued a similar instruction on good faith in *United States v. Julie Dianne Farmer*, 11-cr-00026-LJO. In fact, the instruction given in *Farmer* differed significantly from Defendants' proposed instruction. It read:

> The intent to defraud is intent to deceive or to cheat. In determining whether or not the defendant acted with an intent to defraud, you may consider whether or not the defendant had an honest and good faith belief in the truthfulness of the representations or promises made to her. If you find that the defendant had such an honest and good faith belief, there is no intent to defraud as to any such representation or promise. The defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

*See* Tr. at 18:16-25, *United States v. Julie Dianne Farmer*, 11-cr-00026-LJO, ECF No. 481. In response to Defendants' argument about the good faith instruction in *Farmer*, the Government indicated that it is "willing to discuss with the Court and defense counsel, at the close of evidence, whether a similarly brief instruction, incorporating the facts of this case, would be helpful to the jury." ECF No. 63. The Court agrees that this is the best course. Therefore, Defendant's proposed instruction, as stated, is DENIED WITHOUT PREJUDICE. The Court will entertain a request for a modified good faith instruction at the close of evidence. The parties are directed, to the extent possible, to meet and confer on the language of any such instruction prior to presenting it to the Court.

## II. PROPOSED INSTRUCTION NO. 2: THEORY OF THE DEFENSE

Defendants' second proposed jury instruction, titled "Theory of the Defense," states:

> (If the defendant takes the stand, then an instruction should be given on his or her theory of defense.)
>
> The Defendants believed in good faith that their actions were in compliance with the Guard Recruiting Assistance Program (G-RAP).
>
> If you find that defendant actually believed such, and that he believed that the law required him to do no more, you must find him not guilty.

The Government objects to this instruction on the grounds that it is adequately covered by the existing intent instruction which provides, "[a]n intent to defraud is an intent to deceive or cheat." Ninth Circuit Model Criminal Jury Instruction 3.16. The Government argues that because the indictment

---

scheme through his employees. 111 F.3d at 709. It is not clear what the relevance of this language is to the facts of this case.

3

alleges a scheme to defraud through G-RAP, a defense theory that there was no intent to cheat the program is inherently covered by the instruction on *mens rea*. ECF No. 63.

Instructions on the theory of defense must be 1) supported by the evidence; 2) supported by the law; and 3) not adequately covered by other instructions. *United States v. Thomas*, 612 F.3d 1107, 1120 (9th Cir. 2010). The Court agrees that this instruction is unnecessary in light of the instruction that the Court intends to give on intent to defraud. If Defendants believed in good faith that their actions were in compliance with the G-RAP program, then they did not intend to deceive or cheat. Moreover, as the Court previously indicated, this issue may be more appropriate for counsel to address in opening statements and/or closing arguments. However, since the Court has not yet heard the evidence in this case, it would be premature for the Court to rule definitively that a theory of defense instruction is unnecessary. Therefore, Defendants' request to provide a "Theory of the Defense" instruction is DENIED WITHOUT PREJUDICE. If desired, Defendants may renew their request for such an instruction, if it is appropriate, at the close of evidence.

Accordingly,

1. Defendants' request to include Proposed Jury Instruction No. 1 is DENIED WITHOUT PREJUDICE;
2. Defendants request to include Proposed Jury Instruction No. 2 is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **January 17, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4