# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-CR-00109-LJO-SKO |
| Plaintiff, | **ORDER ON DEFENDANT JIMMY MALDONADO'S MOTION TO RECONSIDER SENTENCE; MOTION TO CONTINUE SURRENDER DATE** |
| v. | |
| **JIMMY MALDONADO and MAYRA MALDONADO,** | (ECF No. 106) |
| Defendants. | |

The Court has received and reviewed the two motions now before the Court. Distilled, the Defendant requests changes in the status of the case based on one assumption: that there has been a change in circumstances, to wit, that the defendant has paid his substantial restitution, AND that he has received a contingent offer of employment with PG&E.

While the payment of restitution is clear and accurate as a changed circumstance, that was a fact known and assumed by the Court, based on the representation of counsel. In other words, the Court took that as true and relied upon it in determining the sentencing. It is not a changed circumstance, therefore.

The contingent offer of employment does not appear to be a changed circumstance YET, and it may never be, based on Exhibit C to the pending motions (the contingent offer of employment letter). At page 3 of 5 of that letter, it states that if the contingent offer is accepted, then "you will be required to successfully complete...a criminal background check. If you do not...pass our preemployment standards, your offer will be rescinded." That process "typically takes two weeks to complete." Absent any

1

evidence to the contrary, common sense suggests three felony dishonesty convictions will probably NOT allow the defendant to pass those standards.  In sum, there are no changed circumstances. The motions, therefore, must be DENIED.

IT IS SO ORDERED.

Dated:   **July 11, 2018**                             /s/ Lawrence J. O'Neill
                                                                    UNITED STATES CHIEF DISTRICT JUDGE